JOHN L. BURRIS Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK Esq., SBN 300212
**BURRIS, NISENBAUM, CURRY AND LACY, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiff,
DERICK DAY

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DERICK DAY,

Plaintiff,

vs.

CITY OF SACRAMENTO, a municipal corporation; Sacramento Police Department Officer DOE 1, individually and in his official capacity as an officer of the CITY; Sacramento Police Department Officer DOE 2, individually and in his official capacity as an officer of the CITY; and DOES 1-50, inclusive, individually, jointly, and severally,

Defendants.

CASE NO.: 2:24-cv-1151-CSK

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California, for CITY OF SACRAMENTO officers' use of excessive force against DANTE DAY.

**JURISDICTION**

2. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Sacramento, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

**PARTIES**

3. Decedent DANTE DAY, (Hereinafter "DECEDENT" or "MR. DAY") was an individual residing in the State of California and a United States Citizen.

4. Plaintiff DERICK DAY ("PLAINTIFF" or "DAY") has been and is a resident of California and a United States Citizen.

5. Defendant CITY OF SACRAMENTO ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF SACRAMENTO Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of DOES 1-50 individually and in their official capacity.

6. Defendant CITY OFFICER DOE 1 ("DOE 1" or "OFFICER"), at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY.

7. Defendant CITY OFFICER DOE 2 ("DOE 2" or "OFFICER"), at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with an administrative tort claim requirement under California law. On October 27, 2023, PLAINTIFF submitted a claim to the Clerks' Offices for the CITY OF SACRAMENTO. Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

10. The incident took place on August 15, 2023. The time was approximately 5:00 P.M. The location was City College Station Sacramento, CA. Sacramento police officer DOES 1 and 2 shot Dante Day. Officer DOES 1 and 2 used excessive force.

11. Mr. Day boarded the train. Day held a hunting knife. Mr. Day did not verbally threaten any of the passengers. Day did not brandish the weapon towards any of the passengers. Mr. Day exhibited signs of extreme mental distress. Day sat down. Officer DOE 1 and Officer DOE 2 entered the train. Mr. Day repeatedly stated that he was scared. Day begged the officers not to kill him. Mr. Day stood up. Officer DOE 1 shot Day three times with a bean bag shotgun. Mr. Day ran towards Officer DOE 1. Officer DOE 1 fired ten bean bags at Day. Mr. Day collapsed to the floor. Day moved behind a train seat. Mr. Day stood still against the wall. Day was not facing the officers. Officer DOE 2 shot Mr. Day six times with his gun.

12. As a result, Day died from gunshot wounds. Mr. Day leaves behind his father, Derick Day, and his sister, Monique Long.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**

**(42 U.S.C. § 1983) (Plaintiff Derick Day, as successor in interest to Decedent Dante Day, against CITY OF SACRAMENTO and DOES 1-50)**

13. PLAINTIFF hereby re-alleges and incorporates by reference all paragraphs in this complaint.

14. Defendants' above-described conduct constituted violations of Decedent's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them.

15. As a result, CITY and DOES 1-50 are liable for their use of excessive force.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourteenth Amendment, 42 U.S.C. § 1983)**
**(Violation of Decedent DANTE DAY's Substantive Due Process Rights)**
**(Plaintiff Derick Day, as successor in interest to Decedent Dante Day, against CITY OF SACRAMENTO and DOES 1-50)**

16. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 10 of this Complaint.

17. The foregoing claim for relief arose in Decedent's favor, and DANTE DAY would have been the PLAINTIFF with respect to this claim had he lived.

18. As set forth above, decedent DANTE DAY was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the CITY OF SACRAMENTO, which rights include, but are not limited to, privileges and immunities secured to decedent by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of decedent.

19. DECEDENT had not been convicted of any crime. DANTE DAY had a due process right to be free from the acts of Defendants that would cause him serious injury. On August 15, 2023, MR. DAY boarded a light rail train at the Sacramento City College Station. DAY was in a state of severe emotional distress. During this crisis, MR. DAY did not harm or

threaten any of the train passengers. Officer DOES 1 and 2 entered the train in response to a 911 call. DAY repeatedly expressed that he felt helpless and afraid. MR. DAY's behavior towards the officers signified that he was not of sound mind. Neither OFFICER DOE 1 nor OFFICER DOE 2 called for a crisis interventionist. OFFICER DOE 1 and OFFICER DOE 2 made no attempt to deescalate the situation in a manner that appropriately responded to DAY's state of distress. MR. DAY calmly rose from his seat. OFFICER DOE 1 shot DAY three times with a bean bag shotgun. In response, MR. DAY ran towards OFFICER DOE 1. OFFICER DOE 1 fired ten bean bags at DAY. MR. DAY fell to the floor. DAY crawled behind a train seat. MR. DAY stood up with his back to the wall. OFFICER DOE 2 proceeded to shoot and kill DAY with six bullets.

20. The conduct of Defendants amounted to excessive use of force by a police officer.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**<u>THIRD CAUSE OF ACTION</u>**
**(Fourteenth Amendment, 42 U.S.C. § 1983)**
**(Violations of PLAINTIFF'S Right to a Familial Relationship)**
**(Plaintiff DERICK DAY against CITY OF SACRAMENTO and DOES 1-50)**

21. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 15 of this Complaint. As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in DANTE DAY's death, PLAINTIFF was deprived of their constitutional rights to a familial relationship, in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

22. CITY staff's indifference to MR. DAY'S need for crisis intervention shocks the conscious. Defendants' deliberately ignored DAY's pleas for mercy. MR. DAY told Defendants that he was scared of them. OFFICER DOE 1 and OFFICER DOE 2 continued to point their weapons at DAY. MR. DAY calmly stood up. Despite the fact that DAY did not show a clear intention to harm him, OFFICER DOE 1 fired multiple bean bags at MR. DAY.

After being shot, DAY retreated to the back of the train. OFFICER DOE 2 shot and killed MR. DAY while DAY was nonviolent. Defendants' actions ultimately prevented PLAINTIFF from exercising their right to a familial relationship with DANTE DAY.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff DERICK DAY against CITY OF SACRAMENTO and DOES 1-50)**

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

24. Defendants' above-described conduct was extreme, unreasonable, and outrageous. Defendants' failure to provide appropriate crisis intervention resulted in Decedent DAY's suffering emotional distress from his unaddressed mental health emergency. Defendants knew, or should have known, their actions would cause emotional distress to Decedent DAY.

25. In engaging in the above-described conduct, Defendant intentionally ignored or recklessly disregarded the foreseeable risk that Decedent DAY would suffer extreme emotional distress because of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(C.C.P. §§ 377.60 and 377.61)**
**(Wrongful Death-Negligence)**
**(Violation of California Government Code § 845.6)**
**(Plaintiff DERICK DAY against CITY OF SACRAMENTO and DOES 1-50)**

26. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

27. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of DANTE DAY.

28. CITY staff owed DECEDENT DAY a duty of care under the Fourteenth Amendment. Defendants also had a duty to preserve PLAINTIFF'S right to a familial relationship with MR. DAY. However, CITY staff breached their duty by failing to properly respond to DAY's mental health crisis as part of their duty to protect and serve the public.

29. As an actual and proximate result of Defendants' negligence, and the death of DANTE DAY, PLAINTIFF has sustained pecuniary losses resulting from the loss of comfort, society, attention, services, and support of his son, DANTE DAY, in an amount according to proof at trial.

30. As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

31. Pursuant to California C.C.P. Sections 377.60 and 377.61, PLAINTIFF brought this action, and claims damages from said Defendants for the wrongful death of DANTE DAY and the resulting injuries and damages.

32. DANTE DAY died due to collective negligence by CITY staff.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY OF SACRAMENTO and DOES 1-50 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: May 3, 2024 **BURRIS, NISENBAUM, CURRY AND LACY, LLP**

/s/ *John L. Burris*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiff