JOHN L. BURRIS Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK Esq., SBN 300212
**BURRIS NISENBAUM CURRY AND LACY, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (844) 273-6873
John.Burris@johnburrislaw.com
b.nisenbaum@gmail.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiff,
DERICK DAY

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERICK DAY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, a municipal corporation; Sacramento Police Department Officer KEEGAN HIRONAKA, individually and in his official capacity as an officer of the CITY; Sacramento Police Department Officer KEVIN LUCAS, individually and in his official capacity as an officer of the CITY; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | CASE NO.: 2:24-cv-1151-TLN-CSK<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under

California Civil Code Section § 52.1, and under the common law of California, for CITY OF SACRAMENTO officers' use of excessive force against DANTE DAY.

**JURISDICTION**

2. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Sacramento, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

**PARTIES**

3. Decedent DANTE DAY, (Hereinafter "DECEDENT" or "MR. DAY") was an individual residing in the State of California and a United States Citizen.

4. Plaintiff DERICK DAY ("PLAINTIFF") has been and is a resident of California and a United States Citizen.

5. Defendant CITY OF SACRAMENTO ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF SACRAMENTO Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of DOES 1-50 individually and in their official capacity.

6. Defendant KEEGAN HIRONAKA and ("HIRONAKA"), at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY.

7. Defendant KEVIN LUCAS ("LUCAS"), at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course

and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with an administrative tort claim requirement under California law. On October 27, 2023, PLAINTIFF submitted a claim to the Clerks' Offices for the CITY OF SACRAMENTO. Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

10. The incident took place on August 15, 2023. The time was approximately 5:00 P.M. The location was City College Station Sacramento, CA. Sacramento police officers Keegan Hironaka and Kevin Lucas used excessive force when they shot Dante Day.

11. Mr. Day boarded the train. Day held a hunting knife. Mr. Day did not verbally threaten any of the passengers. Day did not brandish the weapon towards any of the passengers. Mr. Day exhibited signs of extreme mental distress. The train operator stopped the train. All of the passenger exited. Then, officers Hironaka and Lucas arrived on scene. The officers board the train. The officers shouted commands at Mr. Day. It was clear to the officers that Mr. Day suffered from a mental health breakdown. Mr. Day made comments about the police killing him. However, officers Hironaka and Lucas made no attempt to deescalate the situation, or use distance and time to calm Mr. Day down. Instead, the officers pointed their weapons at Mr. Day, and continued to shout at him. As day became more upset, he stood up and continued to make comments about the officers killing him. He did not approach the officers. However, in response

to Mr. Day standing, Officer Lucas shot Day with a less lethal bean bag round. Day fell back into the chair. However, Lucas continued to shoot Day with bean bag rounds.

12. In response to the shots by Officer Lucas, Day began to panic. Day ran down the train corridor, while holding his hands up to protect his body from the bean bag rounds. He appeared to be trying to escape the bean bag shots. However, Officer Hironaka then fired seven live rounds from his pistol. He struck Mr. Day multiple times. Day fell to the floor of the train. Day was severally injured from this initial volley of rounds from officer Hironaka. Day struggled to breath. He slowly stood up, while facing away from the officers. As Day stood facing away from the officers, Officer Lucas then fired six more rounds at Day. Day was not threatening the officers in any way. Further, when Lucas fired the final six rounds, Day was facing away from the officers, and struggling to breath. The officers were not in any danger when Officer Lucas fired his final six rounds.

13. As a result, Day died from multiple gunshot wounds. Mr. Day leaves behind his father, Derick Day, and his sister, Monique Long.

**FIRST CAUSE OF ACTION**

**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force) (42 U.S.C. § 1983) (Plaintiff Derick Day, as successor in interest to Decedent Dante Day, against CITY OF SACRAMENTO, HIRONAKA, LUCAS, and DOES 1-50)**

14. PLAINTIFF hereby re-alleges and incorporates by reference all paragraphs in this complaint.

15. Defendants' above-described conduct constituted violations of Decedent's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them.

16. As a result, CITY and DOES 1-50 are liable for their use of excessive force.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Fourteenth Amendment, 42 U.S.C. § 1983)**

**(Violation of Decedent DANTE DAY's Substantive Due Process Rights)**
**(Plaintiff Derick Day, as successor in interest to Decedent Dante Day, against CITY OF SACRAMENTO, HIRONAKA, LUCAS, and DOES 1-50)**

17. PLAINTIFF hereby re-alleges and incorporates by reference all paragraphs in this complaint.

18. The foregoing claim for relief arose in Decedent's favor, and DANTE DAY would have been the PLAINTIFF with respect to this claim had he lived.

19. As set forth above, decedent DANTE DAY was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the CITY OF SACRAMENTO, which rights include, but are not limited to, privileges and immunities secured to decedent by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of decedent.

20. DECEDENT had not been convicted of any crime. DANTE DAY had a due process right to be free from the acts of Defendants that would cause him serious injury. On August 15, 2023, MR. DAY boarded a light rail train at the Sacramento City College Station. DAY was in a state of severe emotional distress. During this crisis, MR. DAY did not harm or threaten any of the train passengers. Defendant officers entered the train in response to a 911 call. DAY repeatedly expressed that he felt helpless and afraid. MR. DAY's behavior towards the officers signified that he was not of sound mind. Neither defendant officer called for a crisis interventionist. The officers made no attempt to deescalate the situation in a manner that appropriately responded to DAY's state of distress. Instead, the officer escalated the situation, and ultimately shot and killed DAY. At the time of the shooting, DAY did not pose any threat to the officers or anyone else.

21. The conduct of Defendants amounted to excessive use of force by a police officer.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## <u>THIRD CAUSE OF ACTION</u>
**(Fourteenth Amendment, 42 U.S.C. § 1983)**
**(Violations of PLAINTIFF'S Right to a Familial Relationship)**

**(Plaintiff DERICK DAY against CITY OF SACRAMENTO, HIRONAKA, LUCAS, and DOES 1-50)**

22. PLAINTIFF hereby re-alleges and incorporates by reference all paragraphs in this complaint.

23. As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in DANTE DAY's death, PLAINTIFF was deprived of their constitutional rights to a familial relationship, in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

24. CITY staff's indifference to MR. DAY'S need for crisis intervention shocks the conscious. Defendants' deliberately ignored DAY's pleas for mercy. MR. DAY told Defendants that he was scared. However, Defendant officers continued to point their weapons at DAY. MR. DAY calmly stood up. Despite the fact that DAY did not show a clear intention to harm him, LUCAS fired multiple bean bags at MR. DAY. Then Officer HIRONAKA shot DAY multiple times. As DAY struggled to breath and compose himself, Officer LUCAS wantonly shot six more rounds at DAY. Officer LUCAS fatally struck DAY while DAY was nonviolent and attempting to stand and breath. Defendants' actions ultimately prevented PLAINTIFF from exercising his right to a familial relationship with DANTE DAY.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff DERICK DAY, as successor in interest to Decedent Dante Day, against CITY OF SACRAMENTO, HIRONAKA, LUCAS, and DOES 1-50)**

25. Plaintiff hereby re-alleges and incorporates by reference all paragraphs in this complaint.

26. Defendants' above-described conduct was extreme, unreasonable, and outrageous. Defendants' failure to provide appropriate crisis intervention resulted in Decedent

DAY's suffering emotional distress from his unaddressed mental health emergency. Defendants knew, or should have known, their actions would cause emotional distress to Decedent DAY.

27. In engaging in the above-described conduct, Defendant intentionally ignored or recklessly disregarded the foreseeable risk that Decedent DAY would suffer extreme emotional distress because of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**<u>FIFTH CAUSE OF ACTION</u>**
**(C.C.P. §§ 377.60 and 377.61)**
**(Wrongful Death-Negligence)**
**(Violation of California Government Code § 845.6)**
**(Plaintiff DERICK DAY, as successor in interest to Decedent Dante Day, against CITY OF SACRAMENTO, HIRONAKA, LUCAS, and DOES 1-50)**

28. PLAINTIFF hereby re-alleges and incorporates by reference all paragraphs in this complaint.

29. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of DANTE DAY.

30. HIRONAKA and LUCAS owed DECEDENT DAY a duty of care to use reasonable force against Mr. DAY. However, HIRONAKA and LUCAS breached their duty by failing to properly respond to DAY's mental health crisis as part of their duty to protect and serve the public.

31. As an actual and proximate result of Defendants' negligence, and the death of DANTE DAY, PLAINTIFF has sustained pecuniary losses resulting from the loss of comfort, society, attention, services, and support of his son, DANTE DAY, in an amount according to proof at trial.

32. As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

33. Pursuant to California C.C.P. Sections 377.60 and 377.61, PLAINTIFF brought this action, and claims damages from said Defendants for the wrongful death of DANTE DAY and the resulting injuries and damages.

34. DANTE DAY died due to collective negligence by HIRONAKA and LUCAS.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY OF SACRAMENTO and DOES 1-50 and/or each of them;
4. Any and all permissible statutory damages;
5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated: April 3, 2025 **BURRIS, NISENBAUM, CURRY AND LACY, LLP**

/s/ *James Cook*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiff