SUSANA ALCALA WOOD, City Attorney (SBN 156366)
SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)
srichmond@cityofsacramento.org
KATE D.L. BROSSEAU, Deputy City Attorney (SBN 345596)
kbrosseau@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814-2608
Telephone: (916) 808-5346
SACsimile: (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, KEEGAN HIRONAKA, and KEVIN LUCAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERICK DAY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, a municipal corporation; Sacramento Police Department Officer KEEGAN HIRONAKA, individually and in his official capacity as an officer of the CITY; Sacramento Police Department Officer KEVIN LUCAS, individually and in his official capacity as an officer for the CITY; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | Case No.: 2:24-cv-01151-CSK<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT |

Defendants CITY OF SACRAMENTO, KEEGAN HIRONAKA, and KEVIN LUCAS (hereinafter "Defendants") answers the verified Second Amended Complaint (hereinafter "SAC") of Plaintiff DERICK DAY, as follows:

/ / /

/ / /

1. Answering paragraph 1 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

2. Answering paragraph 2 of the SAC, Defendants admit that jurisdiction is proper.

3. Answering paragraph 3 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

4. Answering paragraph 4 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

5. Answering paragraph 5 of the SAC, Defendants admit that the City of Sacramento is an incorporated public entity under the laws of the state of California. Defendants is without sufficient information to form a belief as to the truth of the allegations that DOES 1-50 were City employees and on that basis it denies that allegation.

6. Answering paragraph 6 of the SAC, Defendants admit that Keegan Hironaka was employed by Defendants City of Sacramento at the time of the incident, and that Keegan Hironaka was acting within the course and scope of his employment.

7. Answering paragraph 7 of the SAC, Defendants admit that Kevin Lucas was employed by Defendants City of Sacramento at the time of the incident, and that Kevin Lucas was acting within the course and scope of his employment.

8. Answering paragraph 8 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

9. Answering paragraph 9 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

10. Answering paragraph 10 of the SAC, Defendants admit that Dante Day was shot by Sacramento Police Department Officers Keegan Hironaka and Kevin Lucas at

approximately 5:00 p.m. on August 15, 2023, on board of a Regional Transit train. Defendants deny that the force used was excessive.

11. Answering paragraph 11 of the SAC, Defendants admit Dante Day was aboard the train wielding a large knife and that he was shot by officers of the Sacramento Police Department. Defendants deny the remaining allegations contained in paragraph 11.

12. Answering paragraph 12 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every remaining allegation contained therein.

13. Answering paragraph 13 of the SAC, Defendants admit that Dante Day died as a result of his wounds. As to the remaining allegations asserted in paragraph 13, Defendants is without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every remaining allegation contained therein.

14. Answering paragraph 14 of the SAC, Defendants incorporate by reference its responses to each and every paragraph of the SAC as though fully set forth herein.

15. Answering paragraph 15 of the SAC, Defendants deny each and every allegation contained therein.

16. Answering paragraph 16 of the SAC, Defendants deny each and every allegation contained therein.

17. Answering paragraph 17 of the SAC, Defendants incorporate by reference its responses to each and every paragraph of the SAC as though fully set forth herein.

18. Answering paragraph 18 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

19. Answering paragraph 19 of the SAC, Defendants deny each and every allegation contained therein.

/ / /

/ / /

/ / /

20. Answering paragraph 20 of the SAC, Defendants admit that Dante Day boarded a Regional Transit train on August 15, 2023, did not physically harm any passengers and that he was shot by Sacramento Police Department officers. Defendants deny the remaining allegations asserted in paragraph 20.

21. Answering paragraph 21 of the SAC, Defendants deny each and every allegation contained therein.

22. Answering paragraph 22 of the SAC, Defendants incorporate by reference its responses to each and every paragraph of the SAC as though fully set forth herein. Defendants deny the remaining allegations asserted in paragraph 22.

23. Answering paragraph 23 of the SAC, Defendants deny each and every allegation contained therein.

24. Answering paragraph 24 of the SAC, Defendants admit that Dante Day was struck with multiple projectiles, including less lethal and lethal munitions. Defendants deny the remaining allegations asserted in paragraph 24.

25. Answering paragraph 25 of the SAC, Defendants incorporate by reference its responses to each and every paragraph of the SAC as though fully set forth herein.

26. Answering paragraph 26 of the SAC, Defendants deny each and every allegation contained therein.

27. Answering paragraph 27 of the SAC, Defendants deny each and every allegation contained therein.

28. Answering paragraph 28 of the SAC, Defendants incorporate by reference its responses to each and every paragraph of the SAC as though fully set forth herein.

29. Answering paragraph 29 of the SAC, Defendants admits that the involved Sacramento Police Department officers were acting in the course and scope of their employment at all relevant times. Defendants deny the remaining allegations asserted in paragraph 29.

/ / /

/ / /

30. Answering paragraph 30 of the SAC, the allegations are conclusions of law not averments of fact to which a response is required. To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 30.

31. Answering paragraph 31 of the SAC, Defendants deny each and every allegation contained therein.

32. Answering paragraph 32 of the SAC, Defendants deny each and every allegation contained therein.

33. Answering paragraph 33 of the SAC, Defendants are without sufficient information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

34. Answering paragraph 34 of the SAC, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

As and for separate and distinct affirmative defenses, Defendants alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

[Failure to State a Cause of Action]

Plaintiff's SAC, and each cause of action contained therein, fails to state the facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

[Tort Claims Act]

Plaintiff's claim is barred for failure to comply with the California Tort Claims Act.

### THIRD AFFIRMATIVE DEFENSE

[Comparative Fault - Plaintiff]

Plaintiff is barred from recovery, in whole or part, because decedent's sole or partial negligence was the proximate cause of the acts and events alleged in the SAC.

/ / /

/ / /

/ / /

FOURTH AFFIRMATIVE DEFENSE

[Comparative Fault - Third Parties]

Plaintiff is barred from recovery from Defendants, in whole or part, because the sole or partial negligence of third parties was the proximate cause of the acts and events alleged in the SAC.

FIFTH AFFIRMATIVE DEFENSE

[Government Code - Immunities]

Each act or omission alleged in the complaint falls within the immunities and defenses described in sections 800 through 995 of the California Government Code, including but not limited to, sections 815.2, 818.8, 820.2, 821.2, 822.2, 830.2, 830.4, 830.6, 830.8, 830.9, 831, 831.2, 835.4, 840.2, 840.4, 840.6, and 845.8.

SIXTH AFFIRMATIVE DEFENSE

[Good Faith]

Defendants allege they have acted in good faith and without wrongful intent at all times alleged in the SAC.

SEVENTH AFFIRMATIVE DEFENSE

[Failure to Mitigate]

Plaintiff's claims are barred, in whole or part, due to Plaintiff's failure to mitigate the damages alleged in the SAC.

EIGHTH AFFIRMATIVE DEFENSE

[Arrest/Force]

Each act or omission alleged in the Complaint falls within the immunities and privileges set forth in the California Penal Code, including but not limited to, sections 834, 834a, 835, 836, and 836.5.

/ / /

/ / /

/ / /

/ / /

NINTH AFFIRMATIVE DEFENSE

[Qualified Immunity]

Defendants alleges immunity from liability because its police officers' conduct did not violate clearly established federal law and/or a reasonable officer would not have known his/her conduct violated clearly established law.

WHEREFORE, Defendants request:

1. That Plaintiff take nothing from Defendants herein and that judgment be awarded in favor of Defendants;

2. That Defendants recover their reasonable costs incurred in the defense of this action; and

3. For such other and further relief as the court may deem proper.

DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Defendants City of Sacramento, demands a jury trial in the above-entitled action pursuant to the provisions of Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution.

DATED: April 17, 2025

SUSANA ALCALA WOOD,
City Attorney

By: /s/ KATE D.L. BROSSEAU
KATE D.L. BROSSEAU
Senior Deputy City Attorney

Attorneys for the CITY OF SACRAMENTO, KEEGAN HIRONAKA, and KEVIN LUCAS